C. EMMETT MAHLE, SBN 104069
Attorney at Law
901 H Street, Suite 203
Sacramento, CA 95814
(916) 447-1646
Mahlelaw@sbcglobal.net

Attorney for Defendant
JOSEPH LEONE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:07CR00510-01 GEB |
| Plaintiff | DEFENSE SENTENCING MEMORANDUM/FORMAL OBJECTIONS TO ADVISORY GUIDELINE PRESENTENCE INVESTIGATION REPORT |
| JOSEPH LEONE, | |
| Defendant. | |

DISCUSSION

This matter is scheduled for Judgment and Sentencing on January 9, 2009, at 9:00 a.m., in your courtroom. This plea is a result of discussions that have taken place with Assistant United States Attorney Mary Grad over the past several months. In this Defense Sentencing Memorandum/Formal Objections to the Advisory Guideline Presentence Investigative Report, I will be asking the Court to a) consider the possibility of a Minor Role status for Defendant Joe Leone, under USSG 3B1.2(b), and a variance from the Guideline Provisions due to considerations from USSG 5K1.1, and the factors set forth in 18 USC 3553(a). At the conclusion of this document, I will be requesting that the Court sentence Mr. Leone to a term of imprisonment of forty eight (48) months. The United States Attorney is not in opposition to Mr. Leone receiving a reduction for Minor Role status, and his being sentenced to a term of imprisonment of forth eight(48) months, based on all factors the Court can consider.

- 1

1. <u>POSSIBLE MINOR ROLE STATUS</u>: Mr. Leone was first introduced to Don Fowler by a mutual friend. After that, Mr. Fowler and Mr. Leone, among others, would play sports together in their free time. Mr. Leone had been continually employed over the last number of years, but at that time, he told Mr. Fowler that he had left his then-job at Ameri-Quest, and was in need of extra money to support his growing family. (<u>Note</u>: From the probation interview, the Court can see that due to family expenditures and financial obligations, Mr. Leone and his wife were way over extended. This was despite the fact that both Mr. Leone and his wife have held, and continue to hold substantial jobs throughout their marriage. Every time Mr. Leone was laid off, he aggressively sought and was able to fine new employment. As an example of attempting to locate additional funds for family bills, Mr. Leone and his wife took out a loan, and they were going to enter into a partnership to buy and operate a FedEx truck. The money was borrowed, but this plan never materialized.)

Mr. Fowler stated to Mr. Leone that he would travel to Hawaii to make extra money. This got Mr. Leone's interest, and Mr. Leone asked him how he made this extra money. (<u>Note</u>: Mr. Leone had never been involved in criminal activities up to this point in his life.) From their conversations, it appeared that Mr. Fowler was very sophisticated in this area. Mr. Fowler then told Mr. Leone that he(Mr. Leone) could make $11,000.00 in a few weeks time for investing in a one-time methamphetamine transaction. Mr. Leone then took $15,000.00 out of the money he had borrowed for the FedEx truck and gave it to Mr. Fowler.

Mr. Fowler then told Mr. Leone that his local supplier here had fallen through, and wanted to know if Mr. Leone knew anyone who could supply some methamphetamine. Mr. Leone did not know any drug dealers, and simply went to one of his co-workers, Mr. Frazier, and asked him if he could do this. The way Mr. Leone went about this shows how naïve he was, as he could have been turned in right there by his co-worker.

On the night of the transaction, Mr. Leone went to the Embassy Suites in is own car. Mr. Fowler drove there in his Lexus. Mr. Leone waited downstairs while Mr. Fowler went upstairs. When Mr. Fowler came back downstairs, Mr. Leone simply drove away and went home. Mr. Leone had no active role in the transaction. Mr. Leone's contribution of $15,000.00 was only

part of the $30,000.00 used for the transaction. Mr. Leone's role in this event was to invest his money one-time, and recruit his co-worker for a one-time transaction. It appears that the co-worker knew people in other towns, and was able to make contacts there in a week.

I would ask that the Court consider Mr. Leone for a Minor Role adjustment as I feel he fits the Commentary Application Note 5 of USSG 3B1.2(b) when it states:

> 5 . Minor Participant-Subsection (b) applies to a defendant described in Application Note 3(A) who is less culpable than most other participants, but whose role could not Be described as minimal.

We know that when making this determination, Commentary Application Note 3(C) tells us that, the determination whether to apply subsection (a), or subsection (b), or an intermediate adjustment, involves a determination that is heavily dependent upon the facts of the particular case.

2 .<u>MR. LEONE AND HIS FAMILY (18 USC 3553 FACTORS)</u>: I have supplied to the Court family pictures and 40+ letters of recommendation. This is a large number of letters of this type, and Mr. Leone would like to thank the Court and Probation for considering all of them. Mr. Leone is essentially a naïve, hard-working, family man who has a very loving family and an equally hard-working wife. They were struggling attempting to live the American Dream—to enjoy life and to raise their four beautiful children, Joseph, Jr. age 6, Dominic, age 4, and twins Mariah and Kayla, age 2. As is noted in the Presentence Report, Mr. Leone works in the Daycare Licensing Division of the Department of Health and Human Services for the County of Sacramento.

It is my belief that Mr. Fowler caught Mr. Leone at a very vulnerable time in his life, when he and his family were desperately in need of finances. As you consider the history and characteristics of Mr. Leone, I feel you can see from the many letters submitted that Mr. Leone is a man of deep commitment to his family and a person who is a man of character and one who is devoted to his family and friends.

I would respectfully submit that, when the Court considers the entire case, and all the sentencing factors at its disposal, that an appropriate sentence in this case for Mr. Leone would be forty eight(48) months in federal prison.

Respectfully submitted,

DATED:   12/30/08              /s/ C. EMMETT MAHLE

C. EMMETT MAHLE
Attorney for Defendant
JOSEPH LEONE